IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARREN L. REAGAN, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:11-CV-00004-M-BF |
| ) | |
| P. KAY PETERSON, Special Agent, ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ALAN HAMPTON, ) | |
| Special Agent, Internal Revenue Service - ) | |
| Criminal Investigation, and OTHER ) | |
| UNKNOWN NAMED AGENTS OF THE ) | |
| FBI, ) | |
|       Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On August 26, 2011, Plaintiff filed a "Motion to Disqualify or Recuse United States District Judge Barbara M.G. Lynn and United States Magistrate Judge Paul D. Stickney Pursuant to 28 U.S.C. § 144, §§ 455(a) and (b)" ("Motion," doc. 32). Under both §§ 144 and 455, a plaintiff must allege bias or prejudice that is personal and that stems from an extrajudicial source such that it would result in an opinion on the merits on some basis other than what the judge learned from his or her participation in the case. *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986) (citing *United States v. Reeves*, 782 F.2d 1323, 1325 (5th Cir. 1986). Plaintiff's Motion is clearly insufficient. The terms of § 144 provide:

> Whenever a party to any proceeding in a district court makes and files a timely
> and sufficient affidavit that the judge before whom the matter is pending has a
> personal bias or prejudice either against him or in favor of any adverse party, such
> judge shall proceed no further therein, but another judge shall be assigned to hear
> such proceeding.

28 U.S.C. § 144.

"An affidavit is legally sufficient if it meets a three-part test: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that bias exists; and (3) the facts must show that the bias is personal, rather than judicial, in nature." *Merkt*, 794 F.2d at 960 n9.  Plaintiff complains entirely about actions taken by Judge Stickney and Judge Lynn in legal proceedings.  Plaintiff relies upon his "belief" that the seizure warrant Judge Stickney signed "was clearly lacking in probable cause."  (Aff. at 7.) Additionally, Plaintiff relies upon a number of adverse rulings by Judge Stickney and Judge Lynn to show "the judges' biases and prejudices" which Plaintiff alleges have carried over to this case.

The facts stated by Plaintiff would not convince a reasonable person that bias exists, and none of the facts alleged is based upon something personal, rather than judicial in nature.  Further, Plaintiff has not shown the existence of any of the circumstances listed in 28 U.S.C. §§ 455(a) or (b) which would be grounds for Judge Lynn or Judge Stickney to disqualify.

.                                                   **Recommendation**

The Court recommends that the District Court deny Plaintiff's Motion (doc. 32).

SO RECOMMENDED, October 28,  2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).